Mr. Justice Thacher
delivered the opinion of the court.
This is a writ of error from the decree of the circuit court of Lafayette county, dissolving an injunction) and dismissing a bill, upon the bill, answers, exhibits and proof.
Brooks and Peterson complained that the Tallahatchie Bridge and Turnpike Company, of which Angus Gillis and Thomas H. Allen were the officers and business managers, having recovered a judgment against one Wright, as principal, and themselves as sureties, assigned the same to Mason and Keeling, by an assignment of the attorney’s receipt for the collection of the note, upon which the suit was instituted, but that, prior to the assignment, the company had contracted with Wright to supply them plank for the erection of certain buildings, agreeing to credit the judgment with the cost thereof, which they charge-was supplied by Wright to an amount greater than the sum due upon the execution, and that Gillis, notwithstanding this agreement, had not so credited the .value of the plank furnished by Wright, but bad carried the amount to the credit of a note of Wright, which Gillis had purchased for his personal account. The answers set' up, that the contract for the erection of the company’s buildings had been taken by Gillis, in his private capacity, and that he contracted with Wright for the plank in that capacity, and not as agent for the company, and deny the agreement charged in the bill. Mason and Keeling, in their answer, set up that Brooks applied to them for an extension of time upon the execution emanating upon the judgment, promising to pay the amount at its expiration in five or six months.
The main question in the cause is simply one of fact, to wit: whether Gillis contracted with Wright for the plank upon his *540 own personal behalf, or as agent for the company, and whether, if the latter, he made the agreement charged in the bill to have been made.
The great preponderance of the proof shows that Gillis, in making the contract for the erection of the buildings, was acting for the company and not for himself; but, without this, all the proof shows his agreement to credit the company’s judgment against the complainants with the amount of the value of the plank, or at least, that it should be first so satisfied. Wright proves that he supplied §296 worth of lumber, and also that his bill against Allen for lumber should be credited upon that judgment at Allen’s own instance and consent. He proves that the whole amount of the judgment was thus liquidated. Wright’s testimony is fully corroborated, upon the point of the agreement, by Mitchell, Taylor, and Sorrell, and as to the supply of plank by Sorrell. The proof well sustains the bill and overthrows the answers.
Mason .and Keeling, in their answer, charge that Brooks besought them for time upon the execution,-promising to pay at its expiration.
This was setting up a distinct fact by way of avoidance of the gravamen of the bill of the complainants. No proof was adduced to establish the statement. An opportunity was open to have proved the fact, but it not having been done, the statement is no evidence of the fact. This is a well established principle in chancery proceedings, and will be found recognized in every treatise on evidence in that court. Hart v. Ten Eyck, 2 Johns. Ch. R. 62.
The injunction could have been dissolved and the bill dismissed in the circuit court, only upon the strength of the foregoing statement in the answer of Mason and Keeling; but, without proof, that is entitled to no weight or consideration.
The decree is reversed, and a decree directed to be entered in this court reinstating the injunction, and making it perpetual.